**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**PATRICIA A. RUTHERFORD**,

      **Plaintiff,**

   v.                              **Case No. 2:10-cv-0260**

**COMMISSIONER OF SOCIAL**         **JUDGE GREGORY L. FROST**
**SECURITY,**                      **Magistrate Judge Kemp**

      **Defendant.**

## OPINION AND ORDER

This is a social security case.  At the time of the administrative hearing, plaintiff was a 64-year-old woman suffering from arthritis who had worked in a motorcycle shop and as an office worker.  She alleged disability beginning in 1999. Although her treating physician, Dr. Kistler said she was disabled, the Administrative Law Judge credited the opinion of a consultative examiner, Dr. Woskobnick, and found she was not.

In this Court, plaintiff challenged the Commissioner's decision on the grounds that the ALJ did not give enough weight to Dr. Kistler's opinion, and that he also misconstrued portions of Dr. Woskobnick's report.  The Magistrate Judge disagreed and recommended that the Court uphold the administrative decision.  Plaintiff objected to that recommendation.  The Commissioner has not responded to her objection.  However, for the reasons that follow, the Court will overrule the objection and direct entry of judgment in the Commissioner's favor.

## I.

Plaintiff's objection is based upon the way in which the ALJ interpreted one portion of Dr. Woskobnick's report.  As far as physical activities are concerned, Dr. Woskobnick expressed the opinion that plaintiff could stand for one hour at a time and up to eight hours a day, but if she

did so, she needed to rest for 15 minutes during each hour.  She could also lift 20 pounds intermittently during the workday and could sit up to eight hours a day if she could get up to stretch for 15 minutes every two hours.  Finally, because of pain and arthritis in her knees, she was somewhat restricted in her ability to climb, balance, stoop, crouch, kneel, and crawl.

The ALJ asked the testifying vocational expert, Mr. Kiger, whether someone with these physical restrictions and who had plaintiff's education and work experience could do any jobs. Mr. Kiger testified that he or she could do the office helper job which plaintiff had done in the past.  Based on this testimony, the ALJ found that plaintiff was not disabled.

The issue which plaintiff raises in her objection relates to what Dr. Woskobnick meant when he said that plaintiff would need to rest for 15 minutes "on each hour."  The ALJ concluded that this meant that plaintiff would simply need to change positions with that frequency, but that she could still keep working for some or all of the "rest period."  Plaintiff argues, however, that there is no reason to prefer this interpretation over one which would preclude plaintiff from working during the rest periods, and if that were the case, she could not (at least according to the vocational expert) do her past job or any other job.

Dr. Woskobnick actually described two different situations where plaintiff needed to discontinue what she was doing for some period of time.  If she were standing, she needed to "rest" for fifteen minutes out of each hour so that she could stand for the majority of an eight-hour work day.  If she were sitting, she needed to get up and stretch once every two hours.  She had testified that the office helper job required about five hours of standing and walking, which is consistent with someone who could be on her feet forty-five minutes out of each work hour.

Although Dr. Woskobnick's report could have been clearer about what he meant by "rest," the Commissioner has some leeway in making reasonable inferences from the record.

*See, e.g., Wright-Hines v. Comm'r of Social Security*, 597 F.3d 392, 393 (6th Cir. 2010) ("We must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision").  Given the totality of the report, which was describing someone who could work at either the light level or the sedentary level for a relatively full day, it is not that likely that Dr. Woskobnick meant simultaneously to impose a limitation that would preclude any gainful employment.  Further, it is a reasonable inference that someone who is standing or walking "rests" by sitting down, rather than lying down (as plaintiff suggests in her objection).  That inference is further supported by the fact that Dr. Woskobnick also thought plaintiff could sit for long stretches at a time and could work while seated.  Given this record, it is simply not possible for the Court to conclude that no reasonable person could have interpreted Dr. Woskobnick's report the way the ALJ did.  Consequently, the Court, after reviewing this issue *de novo*, agrees with the Magistrate Judge's analysis and reaches the same conclusion - that the Commissioner's decision is supported by substantial evidence.

## II.

Based on the reasoning set forth above, the Court **OVERRULES** plaintiff's objection (doc. 18) to the Report and Recommendation and **ADOPTS** that Report (doc. 17).  Plaintiff's statement of errors (doc. 14) is **OVERRULED** and the Clerk is directed to enter judgment in favor of the Commissioner of Social Security.

**IT IS SO ORDERED.**

    /s/    Gregory L. Frost            
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**

3